UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
| | : | |
| **Geddes Sean Schubert Gibbs,** | : | Case No. 5:23-00406-MJC |
| **Natalie Fashina Langley Gibbs,** | : | |
| | : | |
| Debtors. | : | |
| **Geddes S. Gibbs, Alfred McZeal, Jr.,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Adversary Proceeding |
| | : | No. 5:23-00014-MJC |
| **Goddard Riverside Community Center,** | : | |
| **Roderick L. Jones, Merrill T. Dobson,** | : | |
| **Andrea Cain Lawson, Christopher Auguste,** | : | |
| **Nancy Rochford, Marcia Bystryn,** | : | |
| **Howard Stein,** | : | |
| | : | |
| Defendants. | : | |

# O P I N I O N

I. **Introduction**

Before the Court is Defendants' Motion for Sanctions Against Alfred McZeal, Jr. Pursuant to Federal Rule of Bankruptcy Procedure 9011 ("Motion for Sanctions"). After a hearing, the Court granted the Motion and took under advisement the issue of what sanctions would be imposed. As more fully explained below, the Court has determined that an award of $75,000 in attorney's fees and an injunction from filing another action against Defendants in this Court without prior Court approval are the appropriate sanction in this proceeding.

## II. Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334 and the Standing Order of Reference of the United States District Court for the Middle District of Pennsylvania dated March 11, 2016. This matter is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Although the main bankruptcy case and the Adversary Proceeding were dismissed, this Court retained jurisdiction over the Motion for Sanctions. *See In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 98 (3d Cir. 2008). Venue is proper pursuant to 28 U.S.C. §1409(a).

## III. Background

### A. The Bankruptcy Case

Debtors Geddes and Natalie Gibbs ("Debtors") filed this voluntary Chapter 13 bankruptcy case without the assistance of legal counsel on February 27, 2023. This was Debtors' second recent bankruptcy filing. Debtors filed a Chapter 7 case on July 24, 2019 (Case No. 5:19-bk-03176) and received a discharge on November 8, 2019.[1] Because of Debtors' previous discharge, no discharge was available in this bankruptcy case.

Debtors filed this case to stay a pending sheriff's sale of their residence in Stroudsburg, Pennsylvania. On Schedule E/F, Debtors listed Freedom Mortgage Corporation ("Freedom Mortgage") with an unsecured debt of $273,426.59 and Homebridge Financial Services with an unsecured debt of $275,793.00. Freedom Mortgage objected to confirmation of Debtors' proposed Chapter 13 Plan because it did not provide for anticipated pre-petition arrears of approximately

---

[1] Debtor Geddes Gibbs previously filed bankruptcy cases in 1998, 2000, and 2009 in this District. Debtor Geddes Gibbs also filed a subsequent voluntary Chapter 13 on February 27, 2024 (No. 5:24-bk-457-MJC) which is pending before the Court.

$89,151.38. *See* Bk. Dkt. # 28.[2] Freedom Mortgage later moved for relief from the automatic stay alleging three missed post-petition payments totaling $5,839.29. Debtors failed to respond to Freedom Mortgage's motion and the Court granted stay relief on June 8, 2023. *See* Bk. Dkt. # 72.

The original Chapter 13 Plan was met with objections by the Chapter 13 Trustee and Freedom Mortgage. The Court denied confirmation of the initial plan with leave to amend. Confirmation of the First Amended Plan was also denied after Debtors failed to serve the plan. Debtors' bankruptcy case was dismissed on August 10, 2023 pursuant to the Chapter 13 Trustee's Motion to Dismiss for failure to file an amended plan. *See* Bk. Dkt. # 136. In the Order dismissing the case, the Court specifically retained jurisdiction over the Motion for Sanctions. *See Id.*

### B. The Adversary Proceeding

Acting *pro se*, Debtor Geddes Gibbs ("Debtor") and Alfred McZeal ("McZeal" and jointly with Debtor "Plaintiffs") commenced this action by filing a complaint ("Complaint") against Goddard Riverside Community Center ("GRCC") and seven individuals who are either employed by or are directors of GRCC. The factual predicate for the Complaint is Debtor's termination from his employment with GRCC. Debtor sought an accommodation from GRCC's CoVid 19 policies based on his religious beliefs. GRCC granted Debtor an accommodation, excusing him from the vaccination requirement but required him to wear a mask and provide weekly proof of negative CoVid tests. After he refused to comply, GRCC terminated his employment. The Complaint does not contain any facts relating to a relationship or transaction of any kind between McZeal and GRCC.

---

[2] Docket entries referenced in the main bankruptcy case are designated as "Bk. Dkt." and in this adversary proceeding as "Dkt."

3

The Complaint asserts nineteen counts for civil rights violations, Fourth and Fifth Amendment violations, Equal Protection violations, Fair Debt Collection Practices Act violations, Racketeer Influenced and Corrupt Organizations Act violations, fraud, negligent misrepresentation, wrongful termination, civil conspiracy, unjust enrichment, equitable estoppel, cancellation of written instruments, intentional infliction of emotional/mental distress and pain, retaliation, and a declaratory judgment. Plaintiffs requested damages totaling over $22,250,000.

In response to the Complaint, Defendants filed a Motion to Dismiss the Complaint in its entirety ("Motion to Dismiss") and the Motion for Sanctions. Dkt. #'s 22 and 20. McZeal filed an Objection to the Motion for Sanctions. Dkt. # 31. Plaintiffs failed to respond to the Motion to Dismiss – claiming at the hearing that they were not served with the motion. The Court dismissed the Complaint and set an evidentiary hearing on the Motion for Sanctions. Without providing any reason or excuse, McZeal failed to appear for the evidentiary hearing and the Court granted the Motion for Sanctions.

**IV.      Discussion**

    **A.      Fed. R. Bankr. P. 9011**

Defendants moved under Rule 9011 for sanctions against McZeal. Rule 9011 provides in material part:

> (b) Representations to the court
>
> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney **or unrepresented party** is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,
>
>> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

4

> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011 (emphasis added).

Rule 9011 expressly applies to *pro se* parties. *See In re Jones*, 632 B.R. 138, 147 (Bankr. S.D. Ohio 2021) ("pro se litigants are not exempted from the duties of Rule 9011, including the obligation to put forth nonfrivolous arguments") (citing cases); *In re Dizinno*, 559 B.R. 400, 413 (Bankr. M.D. Pa. 2016); *In re Theokary*, 468 B.R. 729, 746 (Bankr. E.D. Pa. 2012).

If the court determines that a party has violated the Rule, the court may "impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation." Fed. R. Bankr. P. 9011(c). The purpose of the Rule is to deter baseless filings, *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 99 (3d Cir. 2008), and "avoid unnecessary judicial effort, the goal being to make proceedings ... more expeditious and less expensive," *Jones*, 632 B.R. at 146 (quoting 10 Collier on Bankr. ¶ 9011.01 (Richard Levin & Henry J. Sommer eds. 16th ed.)).

Rule 9011(c) has a specific procedure to be followed prior to sanctions being imposed:

> (1) the motion must be made separate and apart from other motions or requests; (2) it must describe the specific representations or conduct that violated the Rule, and (3) it may not be filed with the court unless, within twenty-one days of service of the motion, the non-movant has not withdrawn or corrected the challenged behavior.

5

*Dizinno*, 559 B.R. at 414 (citing *In re Ryan*, 411 B.R. 609, 616 (Bankr. N.D. Ill. 2009)). Referred to as the "safe harbor" provision, Rule 9011(c) allows a party who is alleged to have committed a violation of Rule 9011, a period of twenty-one (21) days to correct or withdraw the pleading before a Rule 9011 motion is filed. *In re Klitsch*, 587 B.R. 287, 294 (Bankr. M.D. Pa. 2018).[3]

### B. Conduct Giving Rise to Rule 9011 Sanctions

Defendants filed their Motion for Sanctions on May 30, 2023, the same day as the Motion to Dismiss. McZeal filed a largely incoherent response in opposition ("Objection") to the Motion for Sanctions but did not attend the scheduled evidentiary hearing. In his Objection, McZeal argued that the Motion for Sanctions was filed in bad faith and was being used for the improper purpose of harassing him and forcing him (and Debtor) to dismiss the Complaint. He further argued (without any proper legal authority) that he does not need to be a past employee of GRCC to have standing to bring this Complaint.

As stated above, the Complaint recites facts relating to only Debtor's employment with, and termination from GRCC. There is not a *single* fact relating to McZeal in the fifty-two page Complaint and over fifty pages of attached exhibits. Nevertheless, McZeal signed the pleadings under penalty of perjury that they were true and correct. *See* Dkt. # 1 at 53. Moreover, McZeal shamelessly demanded over $22 million dollars in damages in the Complaint, even though he failed to allege that he had any connection to the Defendants or sustained any injury in fact.

Throughout this proceeding, McZeal has been given multiple opportunities to explain how he has any connection to GRCC or the individual Defendants, and how he has been injured in any way that would give rise to a claim against Defendants. At the August 10, 2023 hearing on the

---

[3] GRCC certified that service of the Motion was provided to McZeal more than 21 days before the Motion for Sanctions was filed.

Motion to Dismiss, when questioned directly by the Court, McZeal argued, without any citation to appropriate legal authority, that he had "third-party standing." McZeal had not previously asserted this legal theory in the Complaint or any pleading.

The general rule of standing is a "litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." *Pennsylvania Psychiatric Soc. v. Green Spring Health Servs., Inc.*, 280 F.3d 278, 288 (3d Cir. 2002) (quoting *Powers v. Ohio*, 499 U.S. 400, 410 (1991)). Third-party standing is a narrow exception to the general rule. The proponent bears the burden to establish it has third-party standing. *Amato v. Wilentz*, 952 F.2d 742, 750 (3d Cir. 1991). McZeal was thus required to establish three preconditions: "1) the plaintiff must suffer injury; 2) the plaintiff and the third party must have a 'close relationship'; and 3) the third party must face some obstacles that prevent it from pursuing its own claims." *Green Spring Health*, 280 F.3d at 288–89. McZeal failed to prove, let alone assert, any impediment from Debtor asserting his own claims. Also, McZeal failed to recognize that Debtor filing the Complaint in this action was fatal to his assertion of third-party standing. The Court easily concluded that McZeal did not have third-party standing. Based on McZeal's repeated failure to advance any other legal or factual basis to justify his involvement, the Court dismissed all of McZeal's claims with prejudice.

With respect to the Motion for Sanctions, the Court concludes that McZeal's Complaint violated Rule 9011 because the claims in the Complaint had no basis in existing law, nor was there any good faith argument for the extension, modification, or reversal of existing law. It's obvious that McZeal made no reasonable inquiry into the law before filing the Complaint. Further, based on McZeal's lack of any connection at all to GRCC or the individual Defendants, the Court can only conclude that McZeal's involvement in this proceeding was solely to harass Defendants and

to needlessly increase the costs of litigation. Which in fact, he has done so. The Court finds that filing the Complaint in this manner was objectively unreasonable, an abuse of the judicial system, and not in good faith. *See In re Miller*, 529 B.R. 73, 90 (Bankr. E.D. Pa. 2015) (citing *Fellheimer, Eichen & Braverman, P.C. v. Charter Technologies, Inc.*, 57 F.3d 1215, 1225 (3d Cir.1995)). Accordingly, the Court finds that McZeal's conduct warrants sanctions.

C. **Sanctions**

In their Motion for Sanctions, Defendants sought an award of reasonable attorney's fees and costs associated with defending this action and an injunction against McZeal from filing any further complaints in this District without prior Court approval.

As stated above, under Rule 9011(c) the Court may impose "an appropriate sanction" for a violation of Rule 9011(b). Rule 9011(c)(2) further directs that a sanction imposed for a violation of the Rule is "limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Rule 9011(c)(2) specifically contemplates an award of some or all of the reasonable attorneys' fees and expenses that were incurred as a result of the sanctionable conduct.

In this proceeding, Defendants requested $197,481.50 in attorney's fees and $1,305.63 in costs. This amount appears to be the full amount of the attorney's fees and costs Defendants incurred throughout this proceeding. The Court acknowledges that Defendants incurred substantial expenses in defending this litigation; however, Rule 9011(c)(2) limits any sanction to that which is sufficient to deter repetitive conduct. *Accord In re Taylor*, 655 F.3d 274, 288 (3d Cir. 2011). "The purpose of awarding sanctions is not to make the injured party whole." *Miller*, 529 B.R. at 93. "If monetary sanctions are awarded, the court should consider what amount is

8

needed to deter [the] responsible person, given his financial resources, from repetition of similar activity." *In re Bailey*, 321 B.R. 169, 183 (Bankr. E.D. Pa. 2005). In exercising its discretion and in consideration of Rule 9011's goals of deterrence, punishment, and compensation, the Court determines that Defendants shall be awarded $75,000.[4]

As for the request for a pre-filing injunction on McZeal, Bankruptcy Courts have authority under the All Writs Act, 28 U.S.C. §1651, to issue an injunction that "restrict[s] the filing of meritless pleadings by litigants where the pleadings raise issues identical or similar to those that have already been adjudicated." *In re Kovalchick*, 371 B.R. 54, 61 (Bankr. M.D. Pa. 2006) (citing *Chipps v. U.S.D.C. for the M.D. of Pa.*, 882 F.2d 72 (3d Cir. 1989) and *In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982)); *see also In re International Power Securities Corp.*, 170 F.2d 399, 402 (3d Cir. 1948) (bankruptcy courts have authority to enter relief pursuant to All Writs Act).

Furthermore, Section 105(a) permits a Bankruptcy Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code." 11 U.S.C. §105(a). Section 105(a) has been a source of authority to issue injunctions for abusive filings. *See e.g.*, *In re Kristan*, 395 B.R. 500 (B.A.P. 1st Cir. 2008); *In re United States Corp. Co.*, 2021 WL 1100078, at *3 (Bankr. N.D. Fla. 2021).

The Court may consider McZeal's prior filing history when considering the appropriate sanction to be imposed. *See In re Meltzer*, 534 B.R. 757, 770 (Bankr. N.D. Ill. 2015) ("a history of sanctionable conduct is relevant to the sanction that should be imposed") (citation omitted). McZeal has a very long history of filing vexatious and frivolous litigation which has been

---

[4] The Court notes that Defendants' attorneys' fees included fees associated with defending the claims of the co-Plaintiff Debtor Gibbs. Although those claims were dismissed as well, Defendants did not seek sanctions against Debtor.

9

documented in many other cases across the country.  The Motion for Sanctions sets forth a significant history of abusive and frivolous litigation by McZeal.[5]  *See* Dkt. # 20 at 4-6.  McZeal's prolific filing history has landed him on several vexatious litigant lists in multiple jurisdictions, including the State of California and the United States District Court for the Southern District of Texas.  *See McZeal v. MidSouth Nat'l Bank N.A.*, 2017 WL 1484546, at *2 (W.D. La. 2017), report and recommendation adopted, 2017 WL 1484997 (W.D. La. 2017).  The *Fastmobile* Court dubbed McZeal "a seasoned pro se litigator" for his seventeen civil lawsuits and bankruptcy proceedings. *McZeal v. Fastmobile, Inc.*, 2006 WL 801175, at *1 (S.D. Tex. 2006), aff'd, 219 F. App'x 988 (Fed. Cir. 2007).  More recently, the U.S. District Court for the Central District of California listed several more of McZeal's lawsuits remarking that the list it had compiled was not exhaustive[6] but illustrates "McZeal's pattern of filing frivolous lawsuits alleging near identical claims against often the same entities in various jurisdictions."  *McZeal v. HSBC Bank USA*, No., 2023 WL 5748769, at *3 (C.D. Cal. 2023).

The Court is satisfied that McZeal was provided with sufficient due process to defend the Motion for Sanctions.  McZeal had ample notice and an opportunity to appear and be heard prior to the Court imposing any pre-filing injunction.  *See* Kristan, 395 B.R. at 511.  McZeal chose not to attend the hearing or provide any excuse.  McZeal's prior history of filing frivolous lawsuits is well documented and the Court has concluded that this Complaint was another in a long list of

---

[5]  The Court may take judicial notice of the dockets of other courts.  *See e.g., In re Davis*, 597 B.R. 770, 773 (Bankr. M.D. Pa. 2019).

[6]  Those cases included: *Alfred McZeal Jr., et al. v. Solon House, LLC, et al.*, 4:23-cv-00297-KAW (N.D. Cal. Jan. 20, 2023); *Alfred McZeal Jr., et al. v. Ocwen Loan Servicing, LLC, et al.*, 2:22-cv-08760-JFW-PDx (C.D. Cal. Dec. 2, 2022); *Alfred Mczeal Jr., et al. v. Wilmington Savings Fund Society, FSB, et al.*, 9:22-cv-81848-AMC (S.D. Fl. Nov. 28, 2022); *Alfred McZeal Jr., et al. v. Deutsche Bank National Trust Company, et al.*, 1:16-cv-00430-SS (W.D. Tex. Apr. 4, 2016); *Al McZeal, et al. v. JP Morgan Chase Bank, NA, et al.*, 2:11-cv-07739-PA-PJWx (C.D. Cal. Jan. 20, 2012).

10

Case 5:23-ap-00014-MJC    Doc 135    Filed 03/15/24    Entered 03/15/24 16:21:19    Desc
Main Document    Page 10 of 11

frivolous suits designed to harass these particular defendants in this proceeding. Based on the forgoing, the Court will impose an injunction that prohibits McZeal from filing any further actions against Defendants in this District without first seeking prior authorization from this Court.

## V. Conclusion

For the above stated reasons, the Court finds that Plaintiff Alfred McZeal, Jr.'s Complaint violated Bankruptcy Rules 9011(b)(1)-(3). In accordance with Bankruptcy Rule 9011(c)(2), McZeal is ordered to pay Defendants $75,000. Payment is due in thirty (30) days. Furthermore, McZeal is prohibited from filing any further actions against Defendants in this District without first seeking prior authorization from this Court.

A separate order will be entered consistent with this Opinion.

By the Court,

_____
Mark J. Conway, Bankruptcy Judge
Dated: March 15, 2024